IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DANIEL A. NAULT,                    )    CIV. NO. 12-00175 HG-KSC
                                    )
            Plaintiff,              )
                                    )
        vs.                         )
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner, Social Security       )
Administration,                     )
                                    )
            Defendant.              )
                                    )
_____)


**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
AFFIRM THE ADMINISTRATIVE LAW JUDGE'S DECISION (DOC. 24)**

Plaintiff Daniel A. Nault ("Plaintiff") brought this action against Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), challenging Defendant's decision to deny him social security disability insurance benefits.  Pursuant to 42 U.S.C. 405(g), Plaintiff sought judicial review of that decision.  Plaintiff objects to the Magistrate Judge's Findings and Recommendation upholding the Commissioner's denial of benefits.

The Magistrate Judge's Findings and Recommendation is **ADOPTED**, and Plaintiff's objections are **DENIED**.


**PROCEDURAL HISTORY**

Plaintiff applied to the Social Security Administration for disability insurance benefits under Title II of the Social

Security Act on April 10, 2009. (Administrative Record ("AR") at 12.)  At the time the application was submitted, Plaintiff represented that his disability onset date was August 17, 1998. (Id.)  By letter dated January 24, 2001, Plaintiff amended the alleged onset date from August 17, 1998 to December 15, 2002. (AR at 198, Exhibit 13E.)  Plaintiff's claim was denied on September 3, 2009, and upon reconsideration on January 14, 2010. (Id. at 12.)

On February 28, 2010 Plaintiff submitted a Request for Hearing by Administrative Law Judge.  (Id.)  A hearing was held on February 24, 2011 before the Administrative Law Judge ("ALJ"). (Id.)  On March 3, 2011, the ALJ issued his Decision.  The ALJ concluded that Plaintiff was not under a disability for purposes of social security disability benefits at any time from December 15, 2002, the amended onset date, through December 31, 2002, the date last insured.  (AR at 20.)

Plaintiff sought review of the ALJ's Decision by the Social Security Administration Appeals council.  On February 15, 2012, the Appeals Council of the Social Security Administration denied Plaintiff's request for review.

Plaintiff filed a Complaint in the United States District Court, District of Hawaii on April 3, 2012, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

On August 27, 2012 Plaintiff filed a Motion for Judgment on

2

the Pleadings.  (Doc. 12.)  The Magistrate Judge construed Plaintiff's filing as an Opening Brief.  On September 27, 2012, Defendant filed a Response.  (Doc. 15.)  On October 10, 2012, Plaintiff filed a Reply. (Doc. 18.)

On November 15, 2012, the Magistrate Judge held a hearing on the Complaint for Review of the Social Security Determination. The matter was taken under advisement.

On November 19, 2012, the Magistrate Judge issued a "Findings and Recommendation to Affirm the Decision of the Administrative Law Judge." (Doc. 24.)

On November 28, 2012, Plaintiff filed Objections to the Magistrate Judge's Findings and Recommendation ("Objections"). (Doc. 25.)

On December 12, 2012, Defendant filed a Response to the Objections.  (Doc. 27.)


**FACTUAL BACKGROUND**

Plaintiff is currently sixty-two years old with a high school education.  (AR at 16, 29-30.)  Plaintiff has one year of college level education.  (Id.)  Plaintiff resides with his wife in Honolulu, Hawaii.  (AR at 139.)  Plaintiff is currently unemployed.

Plaintiff's history of injuries began in the 1970s while serving in the United States Navy.  (AR at 16.)  Plaintiff served

3

in the Navy from September 22, 1971 to April 3, 1974.  (AR at 615.)  Plaintiff's service-related injuries include low back strain, cervical neck strain, and nerve affected conditions is his right arm, lower left leg, and low right leg. (AR at 615-18.) Plaintiff continues to receive Veterans Affairs (VA) benefits. (AR at 16.)

From 1983 to 1985, Plaintiff worked as a driver for a tour bus company.  (AR at 141.)

In 1985, Plaintiff began working as a deputy sheriff for the State of Hawaii.  (AR at 16, 30-31.)  In 1992, Plaintiff shot a person in the course of duty.  (AR at 787, Exhibit 19F.)  In 1995, Plaintiff was terminated from his job after an alleged assault incident.  (AR at 788.)  In March of 1998, Plaintiff was reinstated to his position after an arbitration over the 1995 assault incident concluded.  (Id.)  In August 1998, Plaintiff testified at a trial in connection with the 1992 shooting.  (Id.) After testifying, Plaintiff was put on medical stress leave and was placed on workers compensation in 1998.  (AR at 16, 788.) Plaintiff returned to work in 2002, but cannot recall the time period he was employed.  (AR at 199, Exhibit 13E/3, Pre-Hearing Memorandum.)  Plaintiff is certain that he was not working by mid-December 2002 because of his medical conditions.  (Id.)

Plaintiff alleges an inability to work due to lower back and neck spinal degeneration combined with major depressive disorder

4

and post traumatic stress disorder.  (Compl. at ¶ 6.)  Plaintiff claims he has been disabled by these conditions since December 15, 2002.  (<u>Id.</u>)

The claimant's earnings record shows that the claimant acquired sufficient quarters of coverage to remain insured through December 31, 2002 (hereafter "the date last insured"). In order to prevail, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.  (AR at 12.)

### STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1).  If a party objects to the magistrate judge's findings or recommendation, the district court must review *de novo* those portions to which objection is made.  <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. <u>Raddatz</u>, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

*De novo* review means the district court must consider the matter anew, as if the matter had not been heard before and no

previous decision rendered.  _Ness v. Commissioner_, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a _de novo_ hearing is not required.  _United States v. Remsing_, 874 F.2d 614, 617-18 (9th Cir. 1989).

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Only disabilities existing before the date last insured establish entitlement to disability insurance benefits.  _Sam v. Astrue_, 550 F.3d 808, 810 (9th Cir. 2008)(citing _Vincent v. Heckler_, 739 F.2d 1393, 1394 (9th Cir. 1984) (per curiam).

Judicial review of an ALJ's decision to deny disability benefits is very limited in scope.  _Hall v. Secretary of Health, Education and Welfare_, 602 F.2d 1372, 1374 (9th Cir. 1979).  An ALJ's decision must be affirmed by the district court if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole.  _See_ 42 U.S.C. § 405(g); _see also_ _Andrews v. Shalala_, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  _Tylitzki v. Shalala_, 999 F.2d 1411, 1413 (9th Cir.

1993).

A court should not substitute its judgment for the judgment of the ALJ if the evidence can reasonably support either affirming or reversing the ALJ's decision.  See Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995); Young v. Sullivan, 911 F.2d 180, 184 (9th Cir. 1990).


**ANALYSIS**

Disability claims are evaluated using a five-step sequential analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.
>
> (emphasis added)

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 20 C.F.R. § 404.1520).  The claimant has the burden to prove a disability in steps one through four of the analysis.  Id.

(citing <u>Swenson v. Sullivan</u>, 867 F.2d 683, 687 (9th Cir. 1989)). The burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work.   <u>Id.</u>

In the case before the Court, the ALJ held that the Plaintiff must establish disability on or before December 31, 2002 to be entitled to a period of disability and disability insurance benefits. (AR at 14.)  In conducing the five-step sequential analysis, the ALJ found:

**(Step One)**   the Plaintiff did not engage in substantial gainful activity during the period from his amended onset date of December 15, 2002 through his date last insured of December 31, 2002 (20 C.F.R. § 404.1571 *et seq.*);

**(Step Two)**   that Plaintiff had severe impairments;

**(Step Three)**   that none of Plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

**(Step Four)**   that in between December 15, 2002 and December 31, 2002, Plaintiff was unable to perform any past relevant work;

**(Step Five)**   that Plaintiff has the residual functional capacity to perform other substantial gainful activity in the national economy and is not

8

disabled.

(AR at 14-19.)  Plaintiff challenges the ALJ's conclusion in step five.

The Magistrate Judge finds and recommends that the ALJ's decision be affirmed.

## OBJECTIONS

The Objections largely repeat the arguments Plaintiff presented in his Opening Brief. (Doc. 12.)  Plaintiff makes the following objections to the Magistrate Judge's Findings and Recommendation To Affirm the Decision of the Administrative Law Judge ("F & R"):

(1) that the Magistrate Judge erred in finding that the ALJ properly assessed Plaintiff's residual functional capacity (Objections at 12);

(2) that the Magistrate Judge erred in finding that the ALJ gave clear and convincing reasons to reject Plaintiff and Mrs. Nault's testimony (Objections at 17-18);

(3) that the Magistrate Judge erred in finding that ALJ properly determined that Plaintiff was "not disabled" and able to do light work.  Plaintiff claims that the evidence establishes his residual functional capacity was sedentary.  Plaintiff argues that no jobs exist in significant numbers in the national economy that Plaintiff could have performed at the sedentary level and he

is entitled to a finding of "disabled."  Plaintiff objects to the Magistrate Judge's finding that the ALJ's decision is supported by substantial evidence (Objections at 2-5);

(4) that the Magistrate Judge erred in finding that the ALJ properly considered the VA disability decision (Objections at (26-27);

(5) the Plaintiff's objection attempts to attribute to the Magistrate Judge a finding that the ALJ failed to consider the workers compensation decision and he found such failure to be harmless error.  (Objections at 29.)  The Magistrate Judge made no such finding of harmless error.  The Magistrate Judge found the treatment of the workers compensation disability determination by the ALJ to be appropriate; and

(6) that the Magistrate Judge erred in finding that vocational expert testimony would be unnecessary. (Objections at 27-28.)

After reviewing Plaintiff's objections and Defendant's response, the Court finds that the ALJ properly assessed Plaintiff's residual functional capacity and made an appropriate finding that Plaintiff was not disabled.  The ALJ provided specific and legitimate reasons for his conclusions, based on substantial evidence.  The Court adopts the Magistrate Judge's Findings and Recommendation.

I.   **The Administrative Law Judge properly assessed Plaintiff's residual functional capacity**

A claimant's residual functional capacity ("RFC") is what he can still do despite his limitations.  20 C.F.R. § 404.1545 (2000); see also Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001).  An RFC finding is "based on all the relevant medical and other evidence in [the claimant's] case record."  20 C.F.R. § 404.1520(e); see also 20 C.F.R. § 404.1545.  "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945.  Social Security Ruling ("SSR") 96-8P.  Paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 414.945 discuss the assessment of physical abilities, mental abilites, and other abilities affected by some medically determinable impairment.

The Social Security Administration classifies jobs in terms of exertional levels of work - sedentary, light, medium, heavy, and very heavy - to determine the physical exertion requirements of work in the national economy.  20 C.F.R. § 404.1567.  After the RFC assessment identifies the individual's functional limitations or restrictions and assess a claimant's work-related abilities based on a function-by-function basis, the RFC may be expressed in terms of the exertional levels of work.  See SSR 96-

11

8p.

The ALJ reviewed, among other things, Plaintiff's medical records, specifically citing the following records: (1) medical records from Kaiser Behavioral Health Services from 12/1/01 to 12/31/02, including clinical encounter records from psychologist Dr. Joan H. Koff, Ph.D and psychiatrist Dr. Dolly Langen, M.D. (AR at 247-280, Exhibit 2F); (2) medical records from Kaiser Permanente from 12/1/01 to 12/31/02 (AR at 281-291, Exhibit 3F); (3) historical VA disability ratings covering dates from 1974 to 2010 (AR at 656-658, Exhibit 16F); (4) VA medical records from 8/23/02 to 11/22/10 (AR at 678-720, Exhibit 18F); (5) medical records from Dr. Won-Yee Cheng, Neuroscience, from January 2003 to April 2010 (AR at 308, Exhibit 7F; AR at 613-614, Exhibit 12F); (6) medical records from Kaiser Behavioral Health Services from 1/28/03 to 4/28/04, including clinical encounter records from psychologist Dr. Koff (AR at 641-655, Exhibit 15F); (7) medical records from Kaiser Behavioral Health Services from 2004 to 2007, including clinical documentation notes from Dr. Koff and Dr. Langen (AR at 311-412, Exhibit 10F/44, 46, 65, 83).

The ALJ also reviewed written statements prepared by the Plaintiff and/or his wife, specifically citing the following records: (1) a Social Security Administration ("SSA") disability report completed by Plaintiff on 7/15/09 (AR at 139-146, Exhibit 2E); (2) a SSA disability report appeal completed by Janice Nault

12

on 10/9/09 (AR at 161-170, Exhibit 7E); (3) a letter from Janice Nault to the SSA dated 3/14/10 (AR at 174-175, Exhibit 9E); (4) a SSA disability report appeal completed by Plaintiff on 3/9/10 (AR at 179-190, Exhibit 11E); (5) a letter from Janice Nault to the ALJ dated 11/12/10 (AR at 191-196, Exhibit 12E).

Plaintiff's reliance on Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996), is misplaced.  In Smolen, the court held that there was no evidence to support the ALJ's RFC finding.  Id. at 1292.  In this case, the ALJ relied on medical and other evidence to support his analysis.

The Magistrate Judge properly concluded that the ALJ conducted an RFC assessment.  The ALJ considered and weighted the relevant medical and other evidence in the record and discussed how the medical and non-medical evidence supports his conclusion. (AR at 15-18.)

## II. Credibility determination

In evaluating the credibility of pain testimony after a claimant establishes medical evidence of an impairment, an ALJ may not reject a claimant's testimony based solely on a lack of medical evidence to fully corroborate the alleged severity of the pain.  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). When determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation such as inconsistencies in a

claimant's testimony.  Id.  Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)).  "Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing."  Burch, 400 F.3d at 680 (citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).  If evidence is susceptible to more than one rational interpretation, the court defers to the ALJ's decision.  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004) (citing Gallant v. Heckler, 753 F.2d 1450, 1452–53 (9th Cir. 1984)).

### A.   Plaintiff's testimony

The ALJ provided clear and convincing reasons for not fully crediting Plaintiff's testimony.   The ALJ accepted Plaintiff's testimony that he left his job because of stress and worries related to a continuing threat to him and his family.  (AR at 15.)  Regarding the severity of Plaintiff's symptoms, the ALJ cited medical records from Dr. Koff in December 2002 showing improvement in Plaintiff's depression.  (AR at 17.)  The ALJ relied on medical evidence that Plaintiff responded to the use of Paxil and psychotherapy sessions; that Plaintiff declined surgical options for numbness and tingling in his right upper extremity; and that he experienced some neck pain and occasional

discomfort in his right arm.  (AR at 17.) The record supports the ALJ's finding that "none of claimant's treating health providers (on or before the date last insured) has suggested that claimant was precluded from engaging in all work activity."  (AR at 18.)

At the hearing before the ALJ, Plaintiff stated he did not literally surf in late 2002, but surfed "maybe just in my mind." (AR at 42.)  This testimony directly contradicts Plaintiff's self-reporting of activities reflected in his medical records in 2002.  The ALJ cited medical records from Dr. Koff and the VA physical therapist establishing that Plaintiff engaged in family activities, including surfing, on more than an occasional basis. (AR at 17-18.)  The ALJ is responsible for determining credibility and weighing the evidence.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Plaintiff's conflicting testimony supports the ALJ's decision to reject Plaintiff's statements at the February 24, 2011 hearing in favor of the self-reports from 2002.  The Court will not second guess the ALJ's reasoned assessment of the evidence.

The ALJ's interpretation of Plaintiff's testimony is a reasonable interpretation supported by substantial evidence. Rollins, 261 F.3d at 857.  The ALJ did not err in rejecting Plaintiff's testimony.  See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008).  The Magistrate Judge properly concluded that the ALJ gave clear and convincing reasons for

partially rejecting Plaintiff's testimony.   See e.g. Morgan v.
Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999)
(holding that the ALJ provided clear and convincing reasons for
rejecting claimant's testimony. The ALJ pointed to specific
evidence in the record, including reports by the treating
psychiatrist and the examining psychologist in identifying what
testimony was not credible and what evidence undermined
claimant's complaints; the ALJ commented upon contradictions
between claimant's reports to the examining psychologist and his
reports to the treating psychiatrist regarding his activities;
the ALJ identified inconsistency between health staff's
observations and claimant's denial of improvement in his
condition); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685,
693 (9th Cir. 2009) (holding that the ALJ's resolution between
conflicting evidence provided a clear and convincing reason to
reject claimant's subjective evidence, the ALJ cited records and
evidence of claimant's outside activities to find claimant's
claims about the severity of his limitations were exaggerated).


**B.   Mrs. Nault's testimony**

"Lay testimony as to a claimant's symptoms or how an
impairment affects the claimant's ability to work is competent
evidence that the ALJ must take into account." Molina v. Astrue,
674 F.3d 1104, 1114 (9th Cir. 2012) (citing Nguyen v. Chater, 100

16

F.3d 1462, 1467 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915,
919 (9th Cir. 1993)).  The ALJ may not disregard competent lay
witness testimony without comment.  Id. (citing Nguyen, 100 F.3d
at 1467).  The ALJ "must give reasons that are germane to each
witness" in order to discount competent lay witness testimony.
Id.  The Ninth Circuit Court of Appeals has held that the ALJ is
not required to discuss every witness's testimony on an
individualized basis, rather if the ALJ gives germane reasons for
rejecting similar testimony by one witness, those same reasons
apply when rejecting similar testimony by a different witness.
Id. (citing Valentine, 574 F.3d at 694).

The Magistrate Judge did not err in determining that the
ALJ's analysis regarding Plaintiff's lack of credibility applies
equally to Mrs. Nault.  The ALJ's decision incorporated evidence
submitted by both Plaintiff and Mrs. Nault.  The ALJ reviewed
written statements prepared by Plaintiff and Mrs. Nault. (AR at
16.)  Plaintiff and Mrs. Nault testified to the severity of
Plaintiff's disabilities including back pain, discomfort when
sitting or standing, the inability to grip objects, irritability,
forgetfulness, paranoia, and difficulty interacting with others.
(AR at 32-43; AR at 46-52.)  The ALJ cited these symptoms in his
decision.  (AR at 16.)  Plaintiff's objection to the ALJ's
treatment of Mrs. Nault's testimony is belied by the ALJ's import
of the substance of Mrs. Nault's testimony in his decision.  The

ALJ provided germane reasons for rejecting Plaintiff and Mrs. Nault's evidence in favor of the records from the medical professionals.  See Valentine, 574 F.3d at 693.

## III. The Administrative Law Judge's decision is supported by substantial evidence

The ALJ held that through the date last insured Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he was unable to perform any detailed tasks.  (AR at 16.)

Light work is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  In reaching the conclusion that Plaintiff could perform light work activity with no detailed tasks, the ALJ provided the following reasons for his finding: (1) None of Plaintiff's treating health care providers on or before the date last insured has suggested that Plaintiff was precluded from engaging in all work activity; (2) Plaintiff was

18

able to manage his symptoms by changing positions, as needed; (3) Plaintiff declined medication prescriptions because of adverse side effects and because Plaintiff believed a course of physical therapy was not beneficial; (4) Plaintiff was engaging in family activities, including surfing, on more than an occasional basis; (5) Plaintiff's treating psychologist Dr. Koff's notes indicate that Plaintiff's depression was in partial remission, in that claimant was responsive to a change in medication and was pursuing vocational rehabilitation.  (AR at 18.)

The ALJ held that through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity to perform light work except detailed tasks, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed and Plaintiff was "not disabled."  (AR at 19.)


**A.   The evidence supports the Administrative Law Judge's finding that Plaintiff had the residual functional capacity to perform light work, except detailed tasks**

Plaintiff objects to the ALJ's finding.  Plaintiff argues that the evidence requires a RFC of Sedentary.  (Objections at 3-4.)  Sedentary work is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting,

19

> a certain amount of walking and standing is often
> necessary in carrying out job duties. Jobs are sedentary
> if walking and standing are required occasionally and
> other sedentary criteria are met.

20 C.F.R. § 404.1567(a).  Plaintiff argues that, under Medical

Vocational Rule 201.14, a RFC of sedentary would trigger a

finding of "disabled" at step five when considered in conjunction

with Plaintiff's age, education, and work experience.

The ALJ found that Plaintiff's ability to pursue daily

activities supported a RFC finding of light work.  On October 22,

2002, Physical Therapist Tang noted that Plaintiff said he lives

an active life with surfing.  (AR at 715, Exhibit 18F/38, VA

Progress Notes.)  On December 5, 2002, Dr. Koff noted Plaintiff

self-reported that he participated in family activities and that

he had gotten his surfboard back. (AR at 279, Exhibit 2F/33,

Clinical Encounter Record dated 12/18/02.)  On December 31, 2002,

Dr. Koff noted that Plaintiff described surfing and pursuing

hobbies with his daughters and thus his outlook has improved.

(AR at 248, Exhibit 2F/2, Clinical Encounter Record dated

12/31/02.)  For the reasons stated above, the ALJ properly

rejected Plaintiff and Mrs. Nault's testimony contradicting these

reports.  The ALJ's findings are supported by substantial

evidence.

### B.   Plaintiff's ability to manage his symptoms

Plaintiff argues that the Magistrate Judge erred in finding

the ALJ properly incorporated Plaintiff's testimony describing
his need to change position for pain control into the ALJ
decision.   (Objections at 2.)

> Attorney:      Well then let me ask you, as far as your back
> when you were working, and this is back in
> 2002, do you remember what was bothering you?
> Was it sitting, standing, walking?  What sort
> of things were bothering you?
>
> Plaintiff:     It was a combination of it all and the fact
> that I was having a problem with, you know,
> what's expected of your -- what the job
> description is calling for. And it's just
> difficult.  At some point you, you know,
> you're like a whole person and then all of a
> sudden you're being challenged.
>
> Attorney:      Well you said you were having problems with
> it all.  By all did you mean the sitting, the
> standing, walking?  Or are your arms
> involved?
>
> Plaintiff:     Everything.  My arms, strength, overall
> strength, sitting is a problem.
>
> ALJ:           Is?  Was?
>
> Plaintiff:     Is.  Was.  Is.  What do you want me to --
>
> Attorney:      This is back in 2002 when you were still
> working.
>
> Plaintiff:     Sitting was a problem, sure.  But
> progressively I am worse now, if that --
>
> Attorney:      Well back then you said sitting was a
> problem.  What about standing?  If you had to
> stand eight hours a day, five days a week?

21

Plaintiff:        No, that -- that couldn't happen.  I couldn't
                  do that.

Attorney:         Do you remember how long back then you could
                  stand for before you had to sit down?

Plaintiff:        A matter of minutes, you know.

Attorney:         What about going from sitting to standing?
                  Do you remember how long you could sit for
                  before you had to stand up?

Plaintiff:        Well when you're in a chair you can change
                  your positions a lot, you can squirm, you can
                  -- I mean you -- you did everything.  And I
                  still do.

(AR at 36-37.)  Plaintiff argues that the ALJ should have found

Plaintiff's RFC was sedentary based on this testimony.

(Objections at 3-4.)  Plaintiff's argument that the ALJ

improperly ignored Plaintiff's testimony is without merit.  The

ALJ considered Plaintiff's testimony, but found it not credible.

See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir.

2008) (holding that the ALJ did not err in rejecting the

claimant's testimony because her alleged symptoms were not

supported by objective medical findings or other corroborating

evidence, claimant engaged in normal activities of daily living,

and the doctors' reports concluded she could perform a limited

range of work).  The Magistrate Judge properly determined that

the ALJ's use of Plaintiff's pain control testimony was not

erroneous.

    **C.   Plaintiff's medical records from after the date last insured of December 31, 2002**

         **1.   Plaintiff's objection to the ALJ's treatment of medical records from after the date last insured**

Plaintiff objects to the ALJ's use of evidence covering a period after Plaintiff's date last insured ("DLI"). (Objections at 6-7.) Medical evaluations made after the date last insured are relevant to evaluation of disability during the insured period. Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996); Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988)). It was the Plaintiff himself who introduced evidence from Dr. Won-Yee Cheng for medical treatment from 2003-2009. (AR at 56.) The ALJ held:

> The claimant came under the care of Dr. Won-Yee Cheng beginning January 2003 for spinal injuries sustained from repeated trauma associated with his work in the military and then as a sheriff. Although treatment began immediately after the date last insured, Dr. Cheng did not specify significant milestones in the claimant's treatment until late 2005 when the claimant apparently underwent cervical fusion.

(AR. at 18.) The ALJ's conclusion of no disability as of December 31, 2002 is supported by the lack of change in Plaintiff's condition until the surgery in 2005. It is appropriate for the ALJ to utilize evidence provided by the

Plaintiff where relevant to evaluation of Plaintiff's condition during the insured period.  The Magistrate Judge properly found that the ALJ did not err in his treatment of Dr. Cheng's records.

> **2.** **Plaintiff's objection to use of 850 pages of medical records from June 22, 2005 through May 17, 2011 that are not part of the Administrative Record**

When Plaintiff requested review of the ALJ's decision by the Appellate Council, Plaintiff offered new evidence in the form of 850 pages of medical records covering from June 22, 2005 through May 17, 2011.  The Appeals Council held:

> We also looked at Medical records from Kaiser Permanente dated June 22, 2005 through May 17, 2011.  The Administrative Law Judge decided your case through December 31, 2002, the date you were last insured for disability benefits.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

(AR at 2.)  The ALJ never had the 850 pages before him in making his decision.  After rejection of use of the 850 pages by the Appellate Council, Plaintiff raised the use of the 850 pages of evidence in his Reply brief before the Magistrate Judge filed October 10, 2012.  (Reply Brief at 7-9, Doc. 18.)  Plaintiff argued that the Defendant should be precluded from using evidence from June 22, 2005 through May 17, 2011 to establish disability prior to the DLI because the Defendant chose not to produce the

records to the Court.  (Id. at 7.)  Plaintiff's objection is
without substance.

The Magistrate Judge held:

Plaintiff should not have raised this argument for the
first time in the Reply.  However, the Court need not
rule on the issue because the documents have no bearing
on the Court's decision, as neither party cites to or
relies on them, and they cover a period of time after the
relevant disability period.

(F & R at 2, n.1.)  The Magistrate Judge pointed out that the 850
pages were not part of the evidence relied on by either party.
There was no error on the part of the Magistrate Judge.

## IV.  VA Disability

Plaintiff claims the Magistrate Judge erred in finding the
ALJ properly considered the VA disability decision.  The Ninth
Circuit Court of Appeals has held that the ALJ must consider the
VA's finding in reaching his decision and must ordinarily give
great weight to a VA determination of disability.  McCartey v.
Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)(internal citations
omitted).  In McCartey, the Appellate Court cautions, however,
that a VA rating of disability does not necessarily compel the
Social Security Administration to reach an identical result.  Id.
(citing 20 C.F.R. § 404.1504).  The ALJ may give less weight to a
VA disability rating if he gives persuasive, specific, valid
reasons for doing so that are supported by the record.  Id.

The ALJ's decision addressed Plaintiff's VA rating and
considered both the history and the development of Plaintiff's
limitations from 1972 forward.  Two paragraphs of the ALJ's
decision detail symptoms, diagnoses, treatment, and VA ratings
from the VA records.  (AR at 17.)  The Court rejects Plaintiff's
argument that the ALJ did not understand the VA disability
decision and therefore ignored the VA decision.  (Objections at
26-27.)  The ALJ addressed and considered the VA disability
decision.  Plaintiff's 40% disability rating was in place from
1976 to 2002.  (AR at 658.)  From 1985 to 1995 Plaintiff worked
as a deputy sheriff in spite of his partial 40% disability
rating.  A finding of some disability by the VA does not compel
the ALJ to make a finding of disability under the Social Security
Administration law.  Plaintiff's objection is without merit.  The
Court declines to find that the ALJ failed to properly weigh the
VA disability determination.

**V.   The State of Hawaii Department of Labor and Industrial
       Relations worker's compensation decision**

Social Security Ruling 06-03p requires evaluation of
disability decisions by other governmental and nongovernmental
agencies, but the other decisions are not binding.  SSR 06-03p.
A state workers compensation finding may be introduced into
evidence but the ALJ may attribute as much or as little weight to
it as he deems appropriate.  <u>Wilson v. Heckler</u>, 761 F.2d 1383,

26

1835 (9th Cir. 1985); <u>Little v. Richardson</u>, 471 F.2d 715, 716 (9th Cir. 1972).

Plaintiff argues that if the ALJ's decision is not reversed, the case should be remanded to the ALJ.  Plaintiff takes the position that the ALJ did not consider the State of Hawaii workers compensation determination that Plaintiff was totally disabled due to his psychological impairments from August 10, 1998 to July 30, 2008.  (AR at 126.)

As the Magistrate Judge pointed out, the ALJ has the discretion to determine the weight given to the workers compensation finding of disability.  (F & R at 45.)  The ALJ did take into consideration the workers compensation decision.  The ALJ stated that Plaintiff was placed on workers compensation in 1998 and 2002.  (AR at 16.)  The ALJ afforded the opinions of the state agency medical and mental health specialists limited weight because these decisions were made without consideration of pertinent evidence submitted after the state agency determinations were made.  (AR at 18.)  The Court adopts the Magistrate Judge's finding that the ALJ would not be required to give a different weight to the workers compensation decision even if this case were remanded.  The ALJ's decision is supported by substantial evidence and will not be remanded for further consideration of the workers compensation decision.

**VI.  Vocational expert testimony**

Once a claimant establishes he is not able to perform any work he has done in the past, the burden of proof shifts to the Commissioner, at step five, to demonstrate that there are other jobs existing in the national economy that a claimant can perform. Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007). The Social Security Administration established the Medical-Vocational guidelines (the grids) to assist in the step five determination. Id. When the grids match a claimant's qualifications, "the guidelines direct a conclusion as to whether work exists that the claimant could perform." Id. (quoting Heckler v. Campbell, 461 U.S. 458, 462 (1983)). If the grids do not match the claimant's qualifications, the ALJ may (1) use the grids as a framework and make a determination of what work exists that the claimant can perform, or (2) rely on a vocational expert when the claimant has significant non-exertional limitations. Id. (internal citations omitted). The use of a vocational expert is left to the Commissioner's discretion. Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996) (citing 20 C.F.R. §§ 404.1566(e), 416.966(e); Albrecht v. Heckler, 765 F.2d 914, 916 (9th Cir. 1985)).

Plaintiff argues that if the ALJ's decision is not reversed the case should be remanded to the ALJ. Plaintiff claims that vocational expert testimony is necessary during step five of the ALJ's disability analysis. (Objections at 27-28.) At step five

of his analysis the ALJ held:

> Through the date last insured, if the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. However, the additional limitations had little or no effect on the occupational base of unskilled light work. A finding of "not disabled" is therefore appropriate under the framework of this rule.

(AR at 19.) The ALJ expressly stated that Plaintiff's additional limitations had little or no effect on the occupational base of unskilled light work and use of the grid is therefor appropriate. The ALJ's decision was supported by substantial evidence and will not be remanded. Even if the matter were remanded, there would be no basis to require vocational expert testimony.

Plaintiff's objections to the Magistrate Judge's Findings and Recommendation are without merit. The Magistrate Judge provided an in-depth review of the ALJ's decision.

## CONCLUSION

There is substantial evidence in the record to support the Administrative Law Judge's March 3, 2011 decision denying Plaintiff disability benefits under the Social Security Act.

(1) The Magistrate Judge's Findings and Recommendation To Affirm the Decision of the Administrative Law Judge (Doc. 24), filed November 19, 2012, is **ADOPTED**;

29

and

(2)   Plaintiff's Objections to the Magistrate Judge's

      Findings and Recommendation, filed November 28, 2012,

      (Doc. 25), are **DENIED**.


IT IS SO ORDERED.

DATED:     Honolulu, Hawaii, February 28, 2013.




                                    /S/ Helen Gillmor
                        _____
                        Helen Gillmor
                        United States District Judge

_____

Nault v. Astrue, Civ. No. 12-00175 HG-KSC; **ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO AFFIRM THE
ADMINISTRATIVE LAW JUDGE'S DECISION (DOC. 24)**